UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| W & J HARLAN FARMS, INC., )<br>           Plaintiff, )<br> )<br>     vs. )<br> )<br>CARGILL, INCORPORATED, )<br>           Defendant. ) | 1:09-cv-113-WTL-TAB |

**ORDER**

The parties in this case entered into a contract for the purchase of grain over a three-year period. As part of that arrangement, the parties agreed that "the sole forum for resolution of all disagreements or disputes between the parties arising under any grain contract . . . or relating to the formation of any grain contract . . . shall be arbitration proceeds before [National Grain and Feed Association] pursuant to NGFA Arbitration Rules." *See* Mot. to Dismiss, Ex. A. The agreement further provided that any decision or award determined by such arbitration would be final and binding. *See id.* Thus, the language of the arbitration clause is fairly broad.

This cause is now before the Court on Defendant's Motion to Dismiss Complaint, Or Alternatively, to Stay Proceedings Pending Arbitration (Docket No. 12).[1] Defendant argues that, in light of the agreement to submit disputes to arbitration, the Court should stay this cause until arbitration has been completed. In fact, Defendant notes that arbitration has already commenced. In response, Plaintiff argues that the motion should be denied because its claim for abuse of process is not covered by the agreement and because the arbitration clause is unconscionable. In particular,

---

[1] Although the motion seeks a dismissal of the Complaint, Defendant recognizes in its reply brief that staying this action rather than outright dismissal would be the proper course of action.

Plaintiff complains that Defendant had superior bargaining power and superior knowledge of arbitration process and rules when the agreement was made.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, was enacted "to place arbitration agreements 'upon the same footing as other contracts.'" *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974) (quoting H.R. Rep. No. 96, at 1, 2 (1924)). The FAA provides that binding arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Thus, the FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements," and "that questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Duthie v. Matria Healthcare, Inc.*, 540 F.3d 533, 536-37 (7th Cir. 2008) (citations and internal quotation marks omitted). Therefore, a party may move to stay or dismiss an action on the ground that the FAA requires that an arbitration provision be enforced. *See Volkswagon of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 970 (7th Cir. 2007) (citing 9 U.S.C. §§ 3-4).

Here, the Court is not persuaded by Plaintiff's argument that the agreement is unconscionable. Indiana law sets a high bar for unconscionablity, requiring a showing that the contract is such that is the kind that "no sensible man not under delusion, duress or in distress would make, and such as no honest and fair man would accept." *Sanford v. Castleton Health Care Ctr., LLC*, 813 N.E.2d 411, 417 (Ind. Ct. App. 2004). There has been no showing of these circumstances, particularly any indication that Plaintiff was unable to familiarize itself with the arbitration rules and procedures before executing the contract. Absent such a showing, Plantiff is stuck with the bargain that it struck. In addition, the Court notes that any dispute over the formation of the agreement is also subject to arbitration. Accordingly, the Court declines to find the agreement unconscionable.

The only remaining question then is whether Plaintiff's claims are covered by the broad language of the arbitration clause. Plaintiff seeks declaratory judgment regarding arbitration rights and whether they are extinguished when the contract is cancelled, claims that Defendant made fraudulent misrepresentations, and charges Defendant with tortious breach of contract and abuse of process for cancelling the contract and initiating the arbitration proceedings. Based on Plaintiff's response in opposition, Plaintiff apparently concedes that all but the abuse of process aspect of its last claim are covered by the arbitration provision. Therefore, the Court turns its attention to that claim.

An abuse of process in Indiana consists of a "misuse or misapplication of process for an end other than that which it was designed to accomplish." *National City Bank, Inc. v. Shortbridge*, 689 N.E.2d 1248, 1252 (Ind. 1997). Such a claim has two elements: (1) ulterior purpose or motives; and (2) a willful act in the use of process not proper in the regular conduct of the proceedings. *See Town of Orland v. Nat. Fire & Cas. Co.*, 726 N.E.2d 364, 371 (Ind. Ct. App. 2000). If a party's acts are procedurally and substantively proper under the circumstance, the first element is irrelevant. *See Reichart v. City of New Haven*, 674 N.E.2d 27, 31 (Ind. Ct. App. 1996). Moreover, a party may not be held liable if the legal process is employed to accomplish an outcome that the process was designed to accomplish. *See id.*

Based on these cases, Plaintiff's argument for retaining this cause is problematic. Defendant has employed the arbitration provisions to resolve the disputes between the parties. Its motives or other actions aside, there are no circumstances before the Court suggesting that there is anything irregular or improper in that regard. Further, resolving that claim necessarily entails an

interpretation of the agreement to determine whether Defendant properly cancelled the contract, which is most definitely a subject covered by the arbitration clause.

For the foregoing reasons, Defendant's motion is **GRANTED**, and this cause is **STAYED** until completion of the arbitration proceedings. The Clerk is **DIRECTED** to administratively close this cause, subject to the right of either party to move to re-open and lift the stay following the completion of the arbitration proceedings.

IT IS SO ORDERED: 09/29/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Eric N. Allen
Allen Wellman McNew, LLP
ena@awmlaw.com

Mary Nold Larimore
ICE MILLER LLP
larimore@icemiller.com

Michael Christian Steele
ICE MILLER LLP
michael.steele@icemiller.com

Dawn Elizabeth Wellman
ALLEN WELLMAN MCNEW
dew@awmlaw.com